**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**INMUEBLES METROPOLITANOS, INC., et al., Defendants.**

**No. CIV. 93–2536 GG.**

United States District Court, D. Puerto Rico.

Dec. 9, 1998.

Feldstein, Gelpí & Gotay, Frank Gotay–Barquet, San Juan, PR, for Plaintiff.

José A. Fuentes–Agostini, Attorney General, José A. Díaz–Espinosa, Department of

Justice of Puerto Rico, Federal Litigation Division, San Juan, PR, for Registrar of the Property of Puerto Rico, Section of Guaynabo, defendants.

McConnell Valdés, Maggie Correa–Avilés, San Juan, PR, for Caparra Center Associates S.E. Caparra Center Corp., defendants.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

Pending before this court is the Federal Deposit Insurance Corporation's (FDIC) motion for summary judgment against co-defendants Caparra Center Corporation and Caparra Center Associates, S.E. (Caparra), and for judgment by default against co-defendant Inmuebles Metropolitanos Inc. (Inmuebles). (Docket entry # 19). While Inmuebles has maintained its silent status, Caparra contends that there are indispensable parties missing in this case, which preclude us from disposing of this action by way of summary judgment.

After careful consideration of the parties' arguments in light of the entire record before us and the applicable law, rules and regulations and jurisprudence, we dispose of this action by way of summary judgment and judgment by default.

## BACKGROUND

This is an action, filed by the FDIC[1], seeking the rectification of certain alleged erroneous entries in the Registry of the Property, Guaynabo Section, pursuant to Article 151 of the Mortgage and Property Registry Law of Puerto Rico, 30 L.P.R.A. § 2502, and Sections 141.1, 141.6, 142.1 and 143.2 of the Rules and Regulations for the Execution of the Mortgage Law and the Property Registry.

The rectification sought by the FDIC relates to the erroneous inscription of one of the several transactions contained in Deed Number 4, executed by Urbanización Caparra, Inc. (Urb.Caparra) and Inmuebles Metropolitanos, Inc. on January 23, 1960 before public notary Hernán R. Franco. According to the provisions of Deed # 4 the Registrar had to record the segregation of a strip of land from property 8747 (owned by Inmuebles) with property 9116 (owned by Urb. Caparra). Instead, the Registrar joined property 8747 it in its entirety with property 9116 of Guaynabo, the resulting property being identified as property number 9118 of Guaynabo. See, ¶¶ 2, 6–9 of Deed # 4, Exhibit 6 of Plaintiff's Motion for Summary Judgment; Second Margin Note to property 8747 first entry, Exhibit # 5, supra; First entry of property 9118, Exhibit # 7, supra. As a consequence of the erroneous entry, the remnant of property 8747 ceased to exist from the Registry. Additionally, plaintiff, who acquired part of said remnant,[2] has been precluded from gaining access to the Registry to record its title to said parcel. See, Exhibit # 3 of the Motion for Summary Judgment. In view of this, the FDIC requests us to order the Registrar to:

1) reinstall the recordation of property 8747 to describe its remnant, as described in paragraph (¶) 20 of the amended complaint, after the segregation of the strip of land of 5,057,19 square meters described in ¶ 14 of the amended complaint, which strip of land was to be grouped with property 9116 to form property 9118;

2) correct the first entry of property 9118 at page 124 of volume 99 of Guaynabo to state that said property is the result of the grouping of property 9116 with the strip of

---

**1.** This action was originally filed by the Resolution Trust Company (RTC) as receiver of the Caguas Central Federal Savings Bank of Puerto Rico (Caguas). However, the FDIC statutorily succeeded RTC as receiver of Caguas. See, Docket entry # 31;Exhibit 1 of the Motion for Summary Judgment.

**2.** On November 24, 1971 Inmuebles and United Federal Savings & Loan Association of P.R. (United) executed Deed Number 143 wherein Inmuebles assigned and transferred to United a

portion of property 8747 in exchange for Certificate of Stock # 17. (Exhibit # 3 of the Motion for Summary Judgment). On or about July 31, 1982, Caguas acquired United by merger. See, Uncontested Facts # 3–5, Motion for Summary Judgment. Among the assets of Caguas, of which the FDIC now possess as receiver, is that portion of property 8747 described in ¶ 22 of the Amended Complaint. See, Uncontested Fact # 7; Exhibits 33 & 4 of the Motion for Summary Judgment.

land segregated from property 8747 on January 23, 1960;

3) record the segregation suffered by the remnant of property 8747 on November 24, 1971, as described in ¶ 22 of the amended complaint, and describe the resulting new remnant of property 8747 as described in ¶ 24 of the amended complaint; and

4) record the new parcel of land, as described in ¶ 22 of the amended complaint, in the name of the FDIC.

Several months after filing the original complaint, the plaintiff filed an amended complaint. Nonetheless, Inmuebles failed to answer and default was entered against it on May 12, 1994. See Docket entry # 12. Accordingly, the FDIC requests judgment by default against Inmuebles. Also, it has filed a motion for summary judgment against Caparra. Although co-defendants Caparra admitted all relevant and material facts alleged in the amended complaint,[3] they oppose the motion for summary judgment arguing that there are indispensable parties missing in this action.

We commence our journey by addressing Caparra's contention of lack of indispensable parties.

## SUMMARY JUDGMENT

In support to its argument that certain indispensable parties are missing, Caparra states that in 1959, prior to the segregation in question in this case, property 8747 suffered a segregation which then became property 8874 of Guaynabo. On March 30, 1989 property 8874 was grouped with other parcels forming property 33,219 of Guaynabo. It was recorded in behalf of Rexam Limited Partnership S.E. (Rexam), who acquired the same from Caguas Central Federal Savings

Bank of P.R. Based on a description of property 33,219 taken from a title search done by Hato Rey Title Insurance Agency, Inc.,[4] Caparra claims that property 33,219 overlaps both the parcel of land that plaintiff wishes to record as its own and the remnant it wishes to reinstate in the Property Registry. Since Rexam is the titleholder of property 33,219, Caparra asserts that pursuant to Regulation 142.1[5], supra, Rexam is an indispensable party in this case without whose presence we are precluded from disposing of this action.[6] See, Caparra's opposition, Docket entry # 25.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c) of the Fed.R.Civ.Proc.; *Borschow Hospital & Medical Supplies, Inc. v. Cesar Castillo, Inc.*, 96 F.3d 10, 13 (1st Cir.1996). A genuine issue will exist only if a material conflict in the evidence warrants trial because the disputed fact has the potential of changing the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995); *Martínez v. Colón*, 54 F.3d 980, 983 (1st Cir. 1995). Although the parties and the court have great flexibility with regard to the evidence that may be used on a motion for summary judgment, the evidence adduced must be admissible. In other words, any material that is inadmissible will not be considered in determining whether a genuine issue of material fact exists. **See,** *Horta v. Sullivan*, 4 F.3d 2, 8–9 (1st Cir.1993) *and cases therein cited.*

---

3. **See,** Docket entries # 9, 10 & 13.

4. This title search was attached to Caparra's opposition to the motion for summary judgment as Exhibit 2.

5. Article 151 and Section 141.2 of the Rules and Regulations, supra, provide that if an entry has been made in the Registry subsequent to that whose rectification is being sought, it is an indispensable requirement to include in the civil action, filed for said purpose, any subsequent registered titleholder.

6. We take notice that Caparra's claim that any other party who physically occupies or owns a piece of land in the parcel plaintiff wishes to record is an indispensable party in this case, besides being a conclusory allegation, rests on an incorrect interpretation of Article 151 and Section 142.1, supra. Under the provisions of both Article 151 and Section 142.1, an indispensable party is a subsequent **registered titleholder.** Hence, mere ownership or physical possession of the property is insufficient to become an indispensable party in an action of this nature.

■ The content of the title search relied by Caparra to defeat plaintiff's motion for summary judgment is hearsay inadmissible at trial to establish the truth of the description of property 33,219. **See,** Rule 801(c) of the Fed.R.Ev. In fact, this title search or abstract does not even fall within the residual hearsay exception of Rule 807 of Evidence, which in its pertinent part states that:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

All these requirements must be satisfied before the statement is admitted. Nonetheless, the most significant is that the statement possess circumstantial guarantees of trustworthiness. 31 Wright & Miller, *Federal Practice and Procedure, Civil 2d,* § 6775, p. 502–503 (1997).

Caparra's title search, offered as evidence of a material fact, does not comply with the requirements of Rule 807. First, the document in itself states as an important notice that Hato Rey Title Insurance Agency, Inc. is not responsible for any errors or omissions that may result from it. **See,** Exhibit 2 of Caparra's Opposition, docket entry # 25. Consequently, the statement itself lacks the required guarantees of trustworthiness. Second, there is no indication of who was the natural person who visited the Registry and examined the different books and entries related to property 33,219. Third, Caparra could procure from the Registrar of the Property, Guaynabo Section, through reasonable efforts, a certification of property 33,219. **See,** Articles 24 & 26 of the Puerto Rico Mortgage Law, as amended, 30 L.P.R.A. §§ 2102 & 2104; Sections 23.1 of the Rules and Regulations for the Execution of the Mortgage Law and the Property Registry.

This certification will certainly be more probative of the property's description than the title search herein offered. "Certifications issued by the Registrar are public documents and, as such, may be considered evidence in their own right." Article 27 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2105; Section 24.1 of the Rules and Regulations, supra.

In view that the title search is inadmissible material, it is not a proper part of the record for summary judgment purposes. Therefore, it cannot be considered in deciding whether a genuine issue of material fact has been raised to defeat the motion for summary judgment. *Horta,* supra.

■ As an additional argument in opposition to plaintiff's request for summary judgment, Caparra asserts that "[t]here is also a **possibility** that the parcel of land to be reinstated overlaps either Caparra's or Banco Popular's property" [7] because the use of old landmarks in the description of the properties is confusing. (Our emphasis). This hollow assertion does not pass muster as to the summary judgment standard. It is hornbook law that when considering a motion for summary judgment, the court shall pay no heed to conclusory allegations. *Celotex v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *McCarthy,* at 315; *Byrd v. Ronayne,* 61 F.3d 1026, 1030 (1st Cir.1995); *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). Furthermore, the nonmoving party cannot avoid summary judgment by "simply show[ing] there is some metaphysical doubt as to the material facts." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994). Neither can it rest upon "improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 10 (1st Cir.1990); *Barbour v. Dynamics Research Corp.,* 63 F.3d 32, 37 (1st Cir.1995), cert. denied 516 U.S. 1113, 116 S.Ct. 914, 133 L.Ed.2d 845 (1996). On the contrary, the

7.  **See,** Caparra's Opposition, pp. 5–6, Docket entry # 25.

nonmoving party needs to proffer sufficiently competent and probative evidence to how differing versions of the facts justify a trial, or in this case, the denial of the motion. *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995), cert. denied, 515 U.S. 1103, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995); *Milton v. Van Dorn Co.,* 961 F.2d 965, 969 (1st Cir.1992). This is precisely what Caparra has failed to accomplish, to proffer sufficient evidence that there are indispensable parties missing in this case impeding us from disposing of this matter by means of summary judgment.

Moreover, Caparra's bald allegation that the parcel of land to be reinstated could overlap their property is at odds with their own admission in their answer to the amended complaint that:

> [r]ectification of the entries sought here by [FDIC] will not affect the rights of...Caparra Center Associates, S.E., Caparra Center Corp. or of any other titleholder of the properties at issue in this action, specifically, it will not affect the property rights of Caparra Center Associates, S.E. on the following properties: property Number 16,421 registered at page 15, volume 282 of Guaynabo and property number 24,401 registered at page 120, volume 587 of Guaynabo....

See, ¶ 26 of the Amended Complaint; ¶ 9 of the Caparra's Answer to the Complaint; Docket entry # 13.

Although Caparra has failed to defeat FDIC's motion for summary judgment, our task is not completed. We must now determine whether the FDIC is entitled to summary judgment as a matter of law.

■ There is no controversy that the Registrar erroneously joined property 8747 in its entirety with property 9116 to form property 9118, instead of just joining to property 9116 the strip of land of property 8747 described in ¶ 8 of Deed # 4.[8] Thus, there is no dispute over the fact that an error was made by the Registrar when making the corresponding entries to property 8747 and 9118 stated in Deed # 4. In addition, as we have already concluded, all indispensable parties have been brought to this case. Therefore, as a matter of law, we may and hereby **GRANT** plaintiff's request to order the Registrar to reinstall the recordation of property 8747 to describe its remnant after the segregation of the strip joined to property 9116, as described in ¶ 20 of the amended complaint. **See,** Article 151 of the Puerto Rico Mortgage Law, supra, and Section 141.1 of the Rules and Regulations, supra. Said description is corroborated by the legal description given by engineer Lueilo R. de Urrutia López, who certified that the same was made in accordance with information obtained from the files of the Puerto Rico Regulations and Permits Administration (known as ARPE), the Property Registry, Guaynabo Section, and the Inscription Map approved by ARPE and recorded by the Registry as Map Number 76–Bis on page 427 of their Book of Maps. See, Exhibit 8 of the Motion for Summary Judgment.

By the same token, we **GRANT** the FDIC's request to order the Registrar to correct the first entry of property 9118 at page 124, volume 99 of Guaynabo to state that said property is the result of the grouping of property 9116 with the strip of land segregated from property 8747 on January 23, 1960. Section 143.2 of the Rules and Regulations, supra, provides that once an entry has been rectified, all other entries related to the same will be rectified if they are equally erroneous.

■ Contrary to the transaction of Deed # 4 above, over which the Registrar already exercised his adjudicatory functions under the law,[9] the Registrar has not passed judgment over the segregation suffered by the remnant of property 8747 on November 21, 1974, as described in Deed # 143. Thus, the FDIC's request to order the Registrar to record said segregation and plaintiff as its new titleholder, amounts to us stripping the

---

8. **See,** ¶¶ 2, 6–9 of Deed # 4, Exhibit 6 of Plaintiff's Motion for Summary Judgment; Second Margin Note to property 8747 first entry, Exhibit # 5, supra; First entry of property 9118, Exhibit # 7, supra.

9. That is why we have authority to order the Registrar to correct the error he committed when recording the segregation of a parcel of property # 8747 and its joinder with property # 9116.

Registrar of his adjudicatory function and duty to examine and determine whether the rights and titles filed at the Registry meet all the requirements of the law to gain access to it. See, Article 65 of the Mortgage Law, supra, 30 L.P.R.A. § 2268[10]; *Ramírez Lebrón v. Registrador,* — D.P.R. — (1992), 92 J.T.S. 113, p. 9891; *Pino Development Corp. v. Negrón de Méndez,* — D.P.R. — (1993), 93 J.T.S. 73, p. 10711. In other words, before we can order the Registrar to act, the right or title in question must have already passed through his sieve. Since that is not the case with Deed # 143, the FDIC's request regarding the transaction of November 21, 1974, is **DENIED.**

In sum, since default has been entered against Inmuebles, Caparra's contention of lack of indispensable party is flawed and the record shows that there is no genuine issue as to any material fact, we dispose of this matter by way of default and summary judgment, as herein provided.

**WHEREFORE,** plaintiff's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART.** Regarding plaintiff's motion for default judgment, the same is **GRANTED.** Consequently, the Registrar of the Property, Guaynabo Section is **ORDERED** to:

1) reinstall the recordation of property 8747 to describe its remnant, as described in paragraph (¶) 20 of the amended complaint, after the segregation of the strip of land of 5,057,19 square meters described in ¶ 14 of the amended complaint, which strip of land was to be grouped with property 9116 to form property 9118;

2) correct the first entry of property 9118 at page 124 of volume 99 of Guaynabo to state that said property is the result of the grouping of property 9116 with the strip of land segregated from property 8747 on January 23, 1960.

Judgment shall be entered accordingly.

**SO ORDERED.**

---

**10.** The Registrar has autonomy in his judging powers and the courts nor any other authority can oblige or prevent a registrar from performing any function pertaining to the registration process.